JOHN M. CONVERSE *vs.* CITIZENS MUTUAL INSURANCE COMPANY.

One partner may have an insurable interest in a building purchased with partnership funds, although it stands upon land owned by the other partner.

SHAW, C. J. This case is presented to us upon a report of evidence, submitted to the court, to draw inferences of fact and render judgment. A policy was made with the plaintiff, insuring a house, barn, and furniture. The house was burned down within the time covered by the insurance. Several grounds of defence were taken, but they ultimately resulted in one only, which was, that the plaintiff had no insurable interest; and that is the question now to be determined. The report presents an unusual state of facts; it came mainly from the testimony of the plaintiff's father. It appears that the plaintiff is 29 years old, the only child and heir presumptive of the father; that since the plaintiff came of age, he and his father have transacted business jointly as farmers and traders, tavern-keepers, and holders of real estate rented, that the real estate stood in the name of the father, that their entire earnings from labor, and gains, and profits, and from all other sources, were put into a common stock, from which each had drawn according to his exigencies, without any particular account, either of contributions or receipts. In this state of things, before any division or account taken, the building in question, then standing in another place, was purchased out of the common stock, and removed on to the land of the father. The house was partly occupied by the father, and a part let to a tenant by the joint act of father and son.

Upon these facts the court are of opinion that the plaintiff had an insurable interest in the building. By consent and agreement of the owner of the land, this building was purchased and fitted up out of the joint stock, the rent of it went into the common fund, and constituted part of the joint property. The whole arrangement constituted a qualified partnership and gave to each as agent of the other, the legal and equitable rights and remedies of a partner. It is now a well settled rule, that real estate, purchased out of partner-

ship funds and held for partnership uses, although the legal estate may be held by the partners, as tenants in common, yet it is charged with a trust for the payment and satisfaction of all partnership debts and claims, including the claims of each partner upon the joint funds. *Burnside* v. *Merrick*, 4 Met. 537; *Dyer* v. *Clark*, 5 Met. 562; *Howard* v. *Priest*, 5 Met. 582.

And this principle we think is not the less applicable, when the legal estate is in one of the partners; it is alike chargeable with a trust for the partnership as if held by both. If this principle would raise a trust, in the real estate itself, *à fortiori*, would it have this effect, in regard to an interest created by the application of partnership funds, in a building erected on such real estate. We are of opinion therefore, that upon a settlement of the joint account, this building must have been treated as joint property, for his share of which, the son would have been entitled to credit in partnership account. He therefore had such an equitable interest in the building before any account settled, that though it stood on land of his father, he must sustain a pecuniary loss, by its destruction by fire.

The defendants acted under no misapprehension in this respect, or in not obtaining a lien on the real estate for their security; because, in the application for insurance, the plaintiff, in answer to the question " whose is the property to be insured ? " stated, " applicant's father's." Unless, therefore, the defendant company intended to insure the plaintiff upon some interest other than that of a title to the estate, they took his money as a premium, for no equivalent, which is not to be assumed. It is more just and reasonable to conclude that they intended to insure him upon such equitable interest as he had, in a combustible building, standing on the land of his father, by the loss of which he would sustain damage. Upon these grounds, the plaintiff will be entitled to recover one half of the insurable value of the building which was three quarters of the whole value.          *Judgment accordingly.*

*R. A. Chapman & G. Ashmun*, for the plaintiff.

*H. Morris*, for the defendants.